NO. 07-11-00015-CR
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL A
 
--------------------------------------------------------------------------------
MAY 13, 2011
--------------------------------------------------------------------------------

 
 GEORGE DARNELL BRADLEY, APPELLANT
 
 v.
 
 THE STATE OF TEXAS, APPELLEE 
--------------------------------------------------------------------------------

 
 FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;
 
 NO. 57,171-E; HONORABLE DOUGLAS WOODBURN, JUDGE
--------------------------------------------------------------------------------

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

 MEMORANDUM OPINION
 
 Appellant, George D. Bradley, appeals a Judgment of Conviction by Court finding appellant guilty of possession of a controlled substance (cocaine). In accordance with a plea bargain agreement, appellant was sentenced to 19 months incarceration in a state jail facility and fined $500.00. However, because the clerk's record has not been filed in this appeal due to appellant's fault, we now dismiss the appeal for want of prosecution. 
Appellant filed a pro se notice of appeal on January 12, 2011. On February 15, this Court received a request from the trial court clerk for extension of time to file the clerk's record because appellant had not paid or made arrangements to pay for the record. This Court granted this request for extension and sent correspondence to appellant informing him that he needed to make payment or arrangements for preparation of the clerk's record. This letter directed appellant to ensure that the clerk's record was filed or to file a certification that payment or arrangements for payment had been made by March 14, or the appeal may be dismissed for want of prosecution. See Tex. R. App. P. 37.3(b). On March 16, the trial court clerk filed a second request for extension again identifying that appellant had neither paid for nor made arrangements to pay for preparation of the clerk's record.
Because appellant had failed to pay for or make arrangements to pay for preparation of the clerk's record and because there was some indication in this Court's file that appellant might be indigent, on March 22, this Court abated the appeal and remanded to the trial court.
Our Order of Abatement and Remand directed the trial court to hold a hearing to determine: (1) whether appellant desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, whether appellant is indigent; and (3) if appellant is indigent, whether appellant desires to be appointed representation on appeal. In addition, we directed the trial court to order the clerk to prepare the record and to provide the same to appellant or appellant's counsel if it determined that appellant was indigent. As directed, the trial court held this hearing on April 26, 2011.
In findings of fact and conclusions of law entered by the trial court as a result of this hearing, the court indicated that the attorney for the State announced ready, but that appellant was not present. However, the trial court made the following findings:
* Appellant discharged the sentence assessed against him in Cause No. 57,171-E[,] and has been released from the Potter County Detention Center.

* Written notice of this hearing was sent to appellant by certified mail return receipt requested[,] and also by uncertified mail to his last known address . . . .

* The Bailiff of this Court called appellant's name, but the appellant did not appear.

In addition, the trial court concluded that, "Appellant's failure to appear demonstrates that he has abandoned his appeal and that he does not desire to prosecute an appeal or have appointed representation to pursue an appeal."
 Based on the findings of the trial court as well as the fact that the clerk's record has not been filed due to appellant's fault, we dismiss this appeal for want of prosecution. Tex. R. App. P. 37.3(b). We note that appellant was not found to be entitled to proceed without payment of costs, and that this Court has specifically notified appellant of the absence of a clerk's record and given him ample time to cure. 

 Mackey K. Hancock
 Justice
Do not publish.